IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIDWAY LOGISTICS, LLC, | |
| Plaintiff, | |
| v. | Case No. 23-1107-TC-ADM |
| NICK NGUYEN, ET AL., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

The parties recently notified the court via a proposed pretrial order submission that "the federal law claims are dismissed in connection with this pretrial order, leaving the exercise of supplemental jurisdiction subject to decline under 28 U.S.C. § 1367(c)(2) and (3)." The court therefore ordered the parties to show cause why the undersigned should not recommend that this case be remanded to state court for lack of subject matter jurisdiction. (ECF 98.) In response to the show cause order, plaintiff Midway Logistics, LLC ("Midway") asserts that the case should be remanded. (ECF 100.) Defendants Nick Nguyen, 50Semi LLC, and TN Investments, LLC ("Defendants"), on the other hand, contend that the court should continue to exercise supplemental jurisdiction over the remaining claims. (ECF 101.) For the reasons discussed below, the court recommends that the district judge remand Midway's remaining claims to state court.

With the basis for original federal jurisdiction now eliminated by Midway's dismissal of its federal claims, the court must consider whether continuing to exercise supplemental jurisdiction over the remaining state-law claims is proper or whether it should "decline to exercise supplemental jurisdiction" because "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The "district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." *I Dig Texas, LLC v. Creager*, 98 F.4th 998, 1012 (10th Cir. 2024) (citations omitted); *see also*

*Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) (holding that after all federal claims are resolved, "the [district] court may, and usually should, decline to exercise jurisdiction over any remaining state claims").

This case was originally filed in state court, and removal was appropriate because Midway's complaint alleged violations of the Defend Trade Secrets Act, 18 U.S.C. § 1832 et seq., and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and because Midway's remaining state law claims, as pleaded, appeared to derive from a common nucleus of operative facts, so the court could exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. (ECF 1 ¶¶ 4-8.) Now that Midway has voluntarily dismissed its federal claims, no claims remain over which original federal jurisdiction exists. The only claims remaining are Midway's state law claims against Defendants for breach of fiduciary duty, tortious interference with contract, and violation of the Kansas Uniform Trade Secrets Act. (ECF 101, at 4.) Therefore, under 28 U.S.C. § 1367(c)(3), the court should decline to exercise supplemental jurisdiction over the remaining state law claims.

In addition, the court should decline to exercise supplemental jurisdiction over the remaining claims in the interests of judicial economy, convenience, fairness, and comity. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357; *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966). Remanding to state court is more convenient because the wrongs alleged in the complaint occurred in Sedgwick County, Kansas, and the litigants and necessary witnesses likely still live near that area. (*See* ECF 1 ¶ 1 (admitting Midway has its principal place of business in Sedgwick County); ECF 11 ¶¶ 2-4 (admitting defendant Nguyen is a resident of Sedgwick County and defendants 50Semi LLC, and TN Investments, LLC each have a principal place of business in Sedgwick County).) Remand remains fair to all parties because Midway may seek the same relief under the same laws in state court as in federal court. And comity suggests it is appropriate to decline to exercise jurisdiction over a claim that the Sedgwick County court is competent to hear. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir.

2010) (noting that federal courts generally decline to exercise jurisdiction over remaining state-law claims because "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary" (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)). Remanding to state court also will not waste judicial resources. Although discovery is closed, the discovery conducted in this court may be used for purposes of the summary judgment motion that defendants intend to file. Further, the other factors and the presumption against retaining jurisdiction would counsel in favor of remand. *See Crane*, 15 F.4th at 1314; *see also, e.g., Equity Bank v. Schneider*, Case No. 6:20-cv-1306-TC (ECF 109).

For these reasons, the undersigned recommends that the district judge decline to exercise supplemental jurisdiction over the remaining claims and remand this case to Sedgwick County District Court.

\*\*\*\*\*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. R. 72.1.4(b), the parties may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If they fail to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge remand this case to Sedgwick County District Court for the reasons set forth above.

**IT IS SO ORDERED.**

Dated July 19, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
